ALLEN, P.,
delivered the opinion of the court:
The court is of opinion, that as in a proceeding at law by writ of partition, it is the regular course to assign to each parcener his part in severalty; Lift. \ 276, Coke 179 b ; from analogy thereto, the same ^course should, as a general rule, be observed where the proceeding is by bill in chancery. That such partition of the whole subject is more likely to be equal and just than where a partial partition is made, as the commissioners will have an accurate view of the whole subject, and by dividing it into different parts, will be furnished with the means of making a fair comparison, and can correct inequalities. If from the condition of the subject or the parties, the interest of the parties in general would, in any case, be promoted by pursuing a different course, the facts justifying a departure from the rule should, at least where the rights of infants are involved, be disclosed by the report, or otherwise appear, to enable the court to judge whether their interest would be affected injuriousy or not.
*574 The interlocutory decree of the 28th of November 1842 directed the commissioners, amongst other things, to divide equally amongst the plaintiff and the defendants who were infants, the tract of land of which Malinda Custis died seized. Instead of pursuing the directions of said decree, the commissioners, by their report filed the 30th October 1843, assigned to the appellee Hewis J. Snead one-fifth of said tract of land; leaving the residue thereof undivided.
The court is of opinion, that in this the commissioners violated their duty, and, in the absence of all evidence to justify it, it was error to confirm the report aforesaid in this respect.
The court is further of opinion, that the same objection exists to the report of the commissioners under the decree of the 26th October 1846. The said decree requiring a division of both the tract descended from Malinda Custis and the tract whereof William Custis of Henry died seized, separately amongst the parties according to their rights, the decree should have been followed and carried out according to its terms, unless the interest of all concerned required a departure from *the terms thereof; and if so, the facts should have been reported or made to appear, to enable the court, having a regard to the interests of the infants, to judge whether such departure should have been permitted. That although under the 4th section of the act concerning partitions, 1 Rev. Code of 1819, p. 360, partition may be made of several parcels of land or other real estate to which the parties have title, though such title may be derived from different sources, by allotment of part in each parcel or of parts in one or more parcels, or of one or more individual parts, with or without the addition of a part or parts of other parcels, as shall be most for the interest of the parties in general ; yet where the same parties are entitled to lands derived from the father and also to lands derived from the mother, and some or all are infants, as in the event of the infant dying under age, a different course of descent is prescribed, inconvenience might result from blending such lands in the partition ; and it should at least appear in the words of the act, that the interest of the parties in general would be promoted, to enable the court to protect the rights of the infants. Nothing of that kind appearing either in the report of the commissioners or otherwise, the court is of opinion it was error to overrule the exception and confirm said report filed on the 30th November 1846.
The court is further of opinion, that as it is alleged in the original bill that said William Custis of Henry left a widow who at the time of filing said bill was the wife of James Stewart, and the bill prayed for a partition of the land of which said William died seized, subject to the widow’s estate in dower, the widow and her husband should have been made parties; and her dower assigned ; and partition should have been made of the residue. And it was error to have directed or confirmed a partition of said tract until such dower had been assigned; it not appearing, and there being nothing *to justify the court in presuming, that such estate in dower had terminated. It is therefore ordered and adjudged, that so much of said decrees as is herein declared to be erroneous, be reversed, and the residue thereof be affirmed; and that the appellee H. J. Snead pay to the appellant his costs. And the cause is remanded, with instructions to require the appellees to make said widow and her husband parties, if such dower estate is still in existence; and for further proceedings, in order to a partition of sgid lands, in order to a final decree.
Decree reversed.